J-S33035-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
v.   :
  :
  :
  :
SANTOS B. RAMOS-RODRIGUEZ   :
  :
Appellant   :   No. 386 MDA 2024

Appeal from the PCRA Order Entered February 28, 2024
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0000140-2006

BEFORE: OLSON, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.:         **FILED OCTOBER 28, 2024**

Appellant Santos B. Ramos-Rodriguez appeals *pro se* from the order dismissing his seventh Post Conviction Relief Act[1] (PCRA) petition as untimely. Appellant argues that he met the newly discovered fact exception to the PCRA time bar and that his PCRA counsel was ineffective. We affirm.

A previous panel summarized the procedural history of this matter as follows:

> On December 14, 2005, a jury convicted [Appellant] of various drug, firearm, and related offenses. On August 21, 2006, the trial court sentenced [Appellant] to 30 to 60 years' incarceration, which included the imposition of a two-year school-zone mandatory minimum sentence and a five-year gun mandatory minimum sentence. **See** 18 Pa.C.S.[] § 6317; 42 Pa.C.S.[] § 9712.1. On August 28, 2006, [Appellant] filed a post-sentence motion, which the trial court denied on September 25, 2006. This Court affirmed [Appellant's] judgment of sentence on June 21, 2007. [Appellant]

---

[1] 42 Pa.C.S. §§ 9541-9546.

did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.

Thereafter, [Appellant] filed five unsuccessful PCRA petitions. He filed . . . his sixth [petition] on November 2, 2018.

***Commonwealth v. Ramos-Rodriguez***, 1484 MDA 2020, 2021 WL 6015834, at *1 (Pa. Super. filed Dec. 21, 2021) (unpublished judgment order) (citation omitted).

We add that in his first PCRA petition, among other issues, Appellant argued that his trial counsel was ineffective because counsel failed to call Ana I. Belpre-Nunez (Ms. Nunez),[2] Appellant's paramour at the time, as a witness at a suppression hearing or at trial. **See** Appellant's *Pro Se* PCRA Pet., 4/7/08, at 5-6; Appellant's *Pro Se* Brief in Supp. of PCRA, 4/7/08, at 2-3. Specifically, Appellant claimed that Ms. Nunez would testify that the police did not have a search warrant at the time they searched the residence that Appellant and Ms. Nunez shared. **See** Appellant's *Pro Se* PCRA Pet., 4/7/08, at 6; Appellant's *Pro Se* Brief in Supp. of PCRA, 4/7/08, at 2; **see also** Nunez Aff., 9/26/07, at 1 (unpaginated).

In Appellant's sixth PCRA petition, he raised several arguments about the validity of the search warrants issued for the search of his residence. **See** Appellant's *Pro Se* PCRA Pet., 11/2/18, at 6-9, 26-27 (unpaginated).

---

[2] Ms. Nunez's name is also spelled as "Anna Belpre Nunez", "Anaibelpre Nunez", and "Anabel Pre-Nunez" in the certified record. **See** N.T. Trial, 7/5/06, at 146; Appellant's Pet. to Amend, 8/24/23, at 3; Trial Ct. Op., 5/16/24, at 3. We use the spelling that appears in her 2008 affidavit, which was attached as an exhibit to Appellant's first PCRA petition. **See** Nunez Aff., 9/26/07, at 1 (unpaginated).

Appellant filed the instant PCRA petition, his seventh overall, on April 17, 2023. Therein, Appellant argued that the petition was timely under the governmental interference and the newly discovered fact exceptions to the PCRA's time bar. Appellant's *Pro Se* PCRA Pet., 4/17/23, at 3. The PCRA court issued a Pa.R.Crim.P. 907 notice indicating that the PCRA court intended to dismiss the petition as untimely. **See** Pa.R.Crim.P. 907 Notice, 5/25/23, at 1 (unpaginated).

Appellant subsequently filed a *pro se* petition for leave to amend his PCRA petition, wherein, Appellant argued he had obtained two pieces of evidence that satisfied the newly discovered fact exception to the PCRA's one-year time bar: (1) a letter from Ms. Nunez claiming that the Commonwealth threatened her to discourage her from testifying; and (2) a letter from Administrative Office of Pennsylvania Courts (AOPC) supporting his claim that search warrants issued for this claim had been falsified. Appellant's Pet. to Amend, 8/24/23, at 3.

The PCRA court appointed Brandy Hoke, Esq. as PCRA counsel, who filed a no-merit letter and petition to withdraw pursuant to **Turner**/**Finley**[3] on December 26, 2023. Appellant filed *pro se* objections to Attorney Hoke's **Turner**/**Finley** letter on February 6, 2024, in which he argued that Attorney Hoke was ineffective under **Commonwealth v. Bradley**, 261 A.3d 381 (Pa.

---

[3] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

2021). Attorney Hoke filed an amended **Turner**/**Finley** letter and petition to withdraw on February 27, 2024.

The PCRA court held an evidentiary hearing on February 28, 2024. At that hearing, Attorney Hoke explained to the PCRA court that Ms. Nunez was present, and that she had discussed what testimony Ms. Nunez could have given at Appellant's trial. N.T., 2/28/24, at 3-4. Attorney Hoke represented that Ms. Nunez informed her that she did not know anything that would have been helpful to Appellant's defense. *Id.* at 4. Ms. Nunez did not testify at that hearing. At the conclusion of the hearing, the PCRA dismissed Appellant's PCRA petition and granted Attorney Hoke's petition for leave to withdraw. *See* PCRA Ct. Order, 2/28/24.

Appellant subsequently filed a timely *pro se* notice of appeal. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

On appeal, Appellant presents the following issues:

1. Did the PCRA court err when it dismissed Appellant's PCRA petition without holding an[] evidentiary hearing and taking evidence/testimony concerning Appellant's allegation of newly discovered evidence of prosecutorial misconduct of threatening defense witnesses with prison if they testified[?]

2. Did the PCRA court err when it dismissed Appellant's PCRA petition without holding an[] evidentiary hearing and taking evidence/testimony concerning Appellant's allegation of newly discovered evidence of that the search warrants police used to investigate were invalid?

Appellant's Brief at 2 (some formatting altered).

Appellant concedes that his PCRA petition is facially untimely but argues that he has satisfied the newly discovered fact exception to the PCRA's one-year time bar. *Id.* at 6-9. First, Appellant asserts that he received a letter from Ms. Nunez, in which she explained that the assistant district attorney prosecuting Appellant's case had threatened to charge her and her daughter with conspiracy if they testified at Appellant's trial. *Id.* at 7. Second, Appellant claims that a letter he received from AOPC which shows that the docket numbers on the search warrants issued in this case match those of other criminal cases which did not involve Appellant. *Id.* at 7-8. Appellant asserts that this is evidence that the search warrants in his case had been falsified. *Id.* Appellant contends that he could not have discovered either of these facts earlier through the exercise of due diligence because "he did not know to look for them[.]" *Id.* at 8.

In reviewing an order denying a PCRA petition, our standard of review is well settled:

> [O]ur standard of review from the denial of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. . . . [W]e apply a *de novo* standard of review to the PCRA court's legal conclusions.

*Commonwealth v. Sandusky*, 203 A.3d 1033, 1043 (Pa. Super. 2019) (citations omitted and formatting altered). We may affirm the PCRA court on any valid grounds. *See Commonwealth v. Wiley*, 966 A.2d 1153, 1157 (Pa. Super. 2009) (stating this Court "may affirm the decision of the PCRA court if

there is any basis on the record to support the PCRA court's action; this is so even if we rely on a different basis in our decision to affirm" (citation omitted and formatting altered)).

The timeliness of a PCRA petition is a threshold jurisdictional question. *See Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014); *see also Commonwealth v. Ballance*, 203 A.3d 1027, 1031 (Pa. Super. 2019) (stating that "no court has jurisdiction to hear an untimely PCRA petition" (citation and emphasis omitted)). "A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S. § 9545(b)(1)." *Commonwealth v. Jones*, 54 A.3d 14, 16 (Pa. 2012) (citation and footnote omitted). A judgment of sentence becomes final at the conclusion of direct review, or at the expiration of time for seeking such review. *See id.* at 17.

Courts may consider a PCRA petition filed more than one year after a judgment of sentence becomes final only if the petitioner pleads and proves one of the following three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court

of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). A petitioner asserting one of these exceptions must file a petition within one year of the date the claim could have first been presented. **See** 42 Pa.C.S. § 9545(b)(2).[4] It is the petitioner's "burden to allege and prove that one of the timeliness exceptions applies." **Commonwealth v. Albrecht**, 994 A.2d 1091, 1094 (Pa. 2010) (citations omitted and some formatting altered).

To establish the newly discovered fact exception to the PCRA time bar, a petitioner must demonstrate that "he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence." **Commonwealth v. Brown**, 111 A.3d 171, 176 (Pa. Super. 2015) (citation omitted). It is well-established that "the focus of this exception is on the newly discovered facts, **not on a newly discovered or newly willing source for previously known facts**." **Commonwealth v. Lopez**, 249 A.3d 993, 1000 (Pa. 2021) (citation and quotation marks omitted and emphasis in original).

This Court has explained that due diligence requires that the petitioner "take reasonable steps to protect his own interests." **Brown**, 111 A.3d at 176

_____

[4] On October 24, 2018, the General Assembly amended Section 9545(b)(2) and extended the time for filing a PCRA petition from sixty days to one year from the date the claim could have been presented. **See** 2018 Pa.Legis.Serv.Act 2018-146 (S.B. 915) (eff. Dec. 24, 2018). The amendment applies only to claims arising one year before the effective date of this section, December 24, 2017, or thereafter.

(citation omitted). A petitioner must explain why he could not have learned these "new facts" earlier with the exercise of due diligence. *Id.* When a petitioner knows about a witness, but the petitioner does not explain if he attempted to contact that witness to determine if the witness has additional information, the petitioner did not act with due diligence. *See id.* at 178.

Here, there is no dispute that Appellant's petition was facially untimely, as it was filed more than one year after his sentence became final in 2007. *See* 42 Pa.C.S. § 9545(b)(1). Therefore, Appellant was required to prove one of the exceptions to the PCRA time bar. *See id.*

In concluding that Appellant failed to establish a timeliness exception, the PCRA court explained:

> Here, Appellant's PCRA petition is patently untimely as it was filed on April 17, 2023, more than fifteen years from the time judgment became final in Appellant's case . . . .
>
> * * *
>
> . . . Appellant raised a claim in his objections to this court's Rule 907 notice that he meets the exception for "newly discovered evidence" under 42 Pa.C.S.[] § 9545(b)(1)(ii). [Appellant] asserts facts previously unknown to him and presents a letter dated March 3, 2023, from [Ms. Nunez]. Appellant asserts this letter demonstrates prosecutorial misconduct; specifically, that [Ms. Nunez] and her daughter were threatened with incarceration if they testified on Appellant's behalf at trial.
>
> Appellant's assertion that this court dismissed his claim without an evidentiary hearing is meritless. The court conducted an evidentiary hearing on February 28, 2024, at which time PCRA counsel informed the court that Appellant's witness, [Ms. Nunez], was present in the courtroom but did not have any relevant testimony to offer. Accordingly, the court denied Appellant's PCRA petition because it is untimely and does not meet an exception to the time-bar. . . .

* * *

Appellant claims the court erred when it denied his PCRA petition without an evidentiary hearing regarding his allegation of newly discovered evidence of falsified search warrants. . . .

Here, Appellant previously challenged the validity of the search warrants in his sixth *pro se* PCRA petition, which the PCRA court denied on October 29, 2020. . . . Accordingly, this claim was previously litigated. Thus, Appellant fails to demonstrate any exception to the time-bar, and this court does not have jurisdiction to consider Appellant's underlying PCRA claims. As such, Appellant is entitled to no relief.

This court did not err in finding that [Appellant's] untimely PCRA petition fails to meet any exception to the time-bar under 42 Pa.C.S.[] § 9545(b)(1)(ii).

PCRA Ct. Op., 5/16/24, at 6-8 (some citations omitted and some formatting altered).

Following our review of the record, we discern no error of law in the PCRA court's conclusions, which are supported by the record. **See Sandusky**, 203 A.3d at 1043. With respect to Appellant's claim regarding Ms. Nunez, we agree with the PCRA court's conclusion that Appellant failed to meet the newly-discovered fact exception, however, we do so for different reasons. **See Wiley**, 966 A.2d at 1157 (stating this Court "may affirm the decision of the PCRA court if there is any basis on the record to support the PCRA court's action; this is so even if we rely on a different basis in our decision to affirm" (citation omitted and formatting altered)). Appellant baldly asserts that he could not have obtained the information from Ms. Nunez earlier with the exercise of due diligence. **See** Appellant's Brief at 8. As stated above, the record reflects that Appellant and Ms. Nunez were in a relationship and living

together at the time of Appellant's arrest. Further, in his first PCRA petition, Appellant argued that his trial counsel should have called Ms. Nunez as a witness. *See* Appellant's *Pro Se* PCRA Pet., 4/7/08, at 5-6; Appellant's *Pro Se* Brief in Supp. of PCRA, 4/7/08, at 2-3. Appellant has failed to show that he exercised due diligence in uncovering this purported new fact because he did not explain his efforts to contact Ms. Nunez, a person with whom he had been in a relationship, to determine if she had additional information. *See Brown*, 111 A.3d 176, 178. Therefore, Appellant has failed to establish the newly discovered fact exception with respect to Ms. Nunez's letter. *See id.*

Further, the record supports the PCRA court's conclusion that "Appellant previously challenged the validity of the search warrants in his sixth *pro se* PCRA petition[.]" *See* PCRA Ct. Op., 5/16/24, at 8. Additionally, Appellant acknowledges in his appellate brief that "[h]e has always alleged that the police did not have warrants to enter his dwelling . . . ." *See* Appellant's Brief at 8. Therefore, Appellant has failed to establish the newly-discovered fact exception with the AOPC letter because the validity of the search warrants in this case has been litigated and adjudicated in prior PCRA proceedings. *See Lopez*, 249 A.3d at 1000 (explaining that the focus of the newly-discovered fact exception on new facts, not on a newly discovered source for previously known facts).

For these reasons, we discern no error of law in the PCRA court's conclusions that Appellant has failed to overcome the PCRA's jurisdictional time bar, and we affirm the PCRA court's order dismissing Appellant's PCRA

petition as untimely.[5]  **_See Sandusky_**, 203 A.3d at 1043; **_see also Ballance_**, 203 A.3d at 1031.

Order affirmed.  Jurisdiction relinquished.

Judge Olson joins the memorandum.

Judge Kunselman concurs in the result.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/28/2024

---

[5] Appellant does not argue that his claims of PCRA counsel's ineffectiveness satisfy any of timeliness exceptions to the PCRA.  **_See_** Appellant's Brief at 9. Even if Appellant argued that his petition was timely because of PCRA counsel's ineffectiveness, he would not be entitled to relief.  Our Supreme Court has held that after a PCRA court denies relief in a timely filed first PCRA petition a PCRA petitioner may, after obtaining new counsel or acting _pro se_, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal.  **_See Bradley_**, 261 A.3d at 405.  **_Bradley_** does not apply to untimely subsequent PCRA petitions.  **_See, e.g._**, **_Commonwealth v. Stahl_**, 292 A.3d 1130, 1136 (Pa. Super. 2023); **_Commonwealth v. Mead_**, 646 MDA 2021, 2022 WL 984604, at *3 n.2 (Pa. Super. filed Apr. 1, 2022) (unpublished mem.); **_see also_** Pa.R.A.P. 126(b) (providing that this Court may cite to non-precedential decisions of this Court filed after May 1, 2019, for their persuasive value).